UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEDRIC HILLIARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16CV01941 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Dedric Hilliard's *Pro Se* "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody [1].

**I.    BACKGROUND**

On May 23, 1997, Petitioner Dedric Hilliard ("Petitioner") was convicted of kidnapping, carrying a firearm during a crime of violence, and motor vehicle theft – carjacking. He was sentenced to 235-months imprisonment and a three-year term of supervised release. After being released from prison, Petitioner was revoked for violating his supervised release when he committed another state crime; specifically, Petitioner attempted to rob an individual. His grade of violation was A and his criminal history category was III. Petitioner's guideline range was 18-24 months and he was sentenced to 24-months imprisonment.[1]

In his Motion to Vacate, Petitioner challenges his revocation sentence, asserting his counsel was ineffective for failing to inform the Court two of Petitioner's prior state offenses for

---

[1] Petitioner remains in prison, because his revocation sentence is consecutive to his state sentence on his attempted robbery state conviction, for which he is serving twelve years.

1

which he had been convicted, were vacated, which would have lowered his criminal history category.

## II.      STANDARD

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the petitioner must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal cannot subsequently be raised in a § 2255 motion unless the petitioner establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)). Exceptions to this rule are recognized only upon production of convincing new evidence of actual innocence, and are available only in the extraordinary case. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). However, ineffective assistance of counsel claims may be raised

for the first time in a § 2255 motion even if they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

If the petitioner's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "when the facts alleged, if true, would entitle [the petitioner] to relief." 28 U.S.C. § 2255(b); see also *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994); *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## III. DISCUSSION

Petitioner argues his sentence was calculated incorrectly at his Final Supervised Release Revocation hearing, because two of his prior convictions, driving without a license and driving while on a suspended license, had been vacated. Petitioner claims his counsel was ineffective for failing to inform the Court of this change in his criminal history.

When a habeas petitioner claims ineffective assistance of counsel, the Court's decision must be made "on an ad hoc basis. In each case [the Court] must weigh, among other factors, the time afforded counsel, the experience of counsel, the gravity of the charge, and the complexity of the possible defenses as well as the accessibility of witnesses to counsel." *Wolfs v. Britton*, 509 F.2d 304, 309 (8th Cir. 1975). To be successful on a claim of ineffective assistance of counsel, the petitioner must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Specifically, the petitioner must demonstrate: (1) counsel's performance was deficient in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) counsel's "deficient performance prejudiced the defense." *Id.* at 687; *see also Auman v. U.S.*, 67 F.3d 157, 162 (8th Cir. 1995). The Court may

address the two *Strickland* prongs in any order, and if a petitioner fails to make a sufficient showing on one prong, the Court need not address the other. *Strickland*, 466 U.S. at 697; *see also U.S. v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) (finding no need to address the second prong of *Strickland* after petitioner failed to satisfy the first prong).

Petitioner's counsel was not ineffective for failing to inform the Court his prior convictions had been vacated. United States Sentencing Guideline § 7B1.4,[2] Application Note 1 states, "The criminal history category to be used in determining the applicable range of imprisonment . . . is the category determined at the time the defendant originally was sentenced to a term of supervision."[3] Therefore, even if Petitioner's counsel had informed the Court his prior convictions were vacated, it would have had no effect on his criminal history category or his revocation sentence.[4] Petitioner has not established he was prejudiced by his counsel's alleged failure. Petitioner's claim will be denied.

## IV. CERTIFICATE OF APPEALABILITY

The Court finds Petitioner has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Petitioner's § 2255 Motion.

---

[2] This section addresses how to calculate the guidelines range for supervised release revocation.
[3] This references the United States Sentencing Guidelines Manual 1995, the manual under which Petitioner's original sentence was calculated. The 2014 Guidelines Manual, which was in effect at the time of Petitioner's revocation, contains the same language.
[4] If the Court were to rule as Petitioner suggests and resentence him, his two prior state convictions would no longer be applicable, because they were dismissed. However, the Court would have to add criminal history points for Petitioner's felony stealing conviction, which Petitioner pled guilty to one month after receiving his sentence in his federal case. Therefore, his criminal history category would remain at least at level III.

Accordingly,

**IT IS HEREBY ORDERED** Petitioner Dedric Hilliard's *Pro Se* "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody [1] is **DENIED.** Petitioner's Motion is **DISMISSED**, **with prejudice**.

So Ordered this 22ND day of March, 2018.

*E. Richard Webber*

                                        **E. RICHARD WEBBER**
                                        **SENIOR UNITED STATES DISTRICT JUDGE**